S. SPENCER ELG (GA SBN 940592)
selg@ftc.gov
TIMOTHY A. BUTLER (CA SBN 262962)
tbutler@ftc.gov
Federal Trade Commission
225 Peachtree Street, Suite 1500
Atlanta, Georgia 30303
Tel: (404) 656-1390; Fax: (404) 656-1379

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TRACFONE WIRELESS, INC., also d/b/a STRAIGHT TALK WIRELESS, NET10 WIRELESS, SIMPLE MOBILE, and TELCEL AMERICA,<br><br>Defendant. | **Case No.:** _____<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

1   Plaintiff, the Federal Trade Commission ("FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") in this matter pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b).  The FTC and Defendant TracFone Wireless, Inc., also d/b/a Straight Talk Wireless, Net10 Wireless, Simple Mobile, and Telcel America, ("TracFone") stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that TracFone participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with the advertising and sale of "unlimited" mobile data service.

3. TracFone neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, TracFone admits the facts necessary to establish jurisdiction.  Accordingly, for instance, nothing in this Order constitutes, or may be deemed to constitute, an admission or finding of: (a) any of the other factual allegations in the Complaint; (b) any violation of law; or (c) any liability to any third party.

4. TracFone waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5. TracFone and the FTC agree that this Order resolves all allegations in the Complaint.

6. TracFone and the FTC waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A.   "Clearly and Conspicuously" means as follows:

   1.   In print communications, the disclosure must be presented in a manner that stands

out from the accompanying text so that it is sufficiently prominent, because of its type size, contrast, location, or other characteristics, for an ordinary consumer to notice, read, and comprehend it;

    2.    In communications made through an electronic medium (such as television, video, radio, and interactive media such as the Internet, online services, and software), the disclosure must be presented simultaneously in both the audio and visual portions of the communication. In any communication presented solely through visual or audio means, the disclosure must be made through the same means through which the communication is presented. In any communication disseminated by means of an interactive electronic medium such as software, the Internet, or online services, the disclosure must be unavoidable. Any audio disclosure must be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it. Any visual disclosure must be presented in a manner that stands out in the context in which it is presented so that it is sufficiently prominent, due to its size and shade, contrast to the background against which it appears, the length of time it appears on the screen, and its location, for an ordinary consumer to notice, read, and comprehend it; and

    3.    Regardless of the medium used to disseminate it, the disclosure must be in understandable language and syntax. Nothing contrary to, inconsistent with, or in mitigation of the disclosure may be used in any communication.

B.    "Close Proximity" means on the same print page, webpage, online service page, or other electronic page, and proximate to the triggering representation, and not accessed or displayed through hyperlinks, pop-ups, interstitials, or other means.

C.    "Mobile Data" means mobile wireless broadband Internet access service to mobile devices such as smartphones.

D.    "Mobile Data Plan" means a contract with TracFone for the provision of Mobile Data.

E.    "TracFone" means TracFone Wireless, Inc., also d/b/a Straight Talk Wireless, Net10 Wireless, Simple Mobile, and Telcel America, and its successors and assigns.

**ORDER**

**I. PROHIBITION AGAINST DECEPTIVE ADVERTISING OF MOBILE DATA PLANS**

IT IS ORDERED that TracFone, TracFone's officers, agents, servants, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising or sale of any Mobile Data Plan, are permanently restrained and enjoined from, expressly or by implication:

A. making a representation about the amount of Mobile Data, including that the Mobile Data is unlimited, without disclosing Clearly and Conspicuously, and in Close Proximity to the representation, all material restrictions on the amount and speed of the Mobile Data; or

B. misrepresenting the performance or central characteristics of the Mobile Data Plan.

**II. MONETARY JUDGMENT**

IT IS FURTHER ORDERED that:

A. Judgment in the amount of Forty Million Dollars ($40,000,000) is entered in favor of the FTC against TracFone.

B. TracFone is ordered to pay to the FTC Forty Million Dollars ($40,000,000) within 5 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the FTC.

C. TracFone relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

D. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC in a proceeding to enforce its rights to the monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

E. The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

F. TracFone acknowledges that its Taxpayer Identification Number, which TracFone must submit to the FTC, may be used for collecting and reporting on any delinquent amount arising out

1 of this Order, in accordance with 31 U.S.C. § 7701.

2 G. All money paid to the FTC pursuant to this Order may be deposited into a fund
3 administered by the FTC or its designee to be used for equitable relief, including consumer redress
4 and any attendant expenses for the administration of any redress fund. If a representative of the
5 FTC decides that direct redress to consumers is wholly or partially impracticable or money
6 remains after redress is completed, the FTC may apply any remaining money for such other
7 equitable relief (including consumer information remedies) as it determines to be reasonably
8 related to TracFone's practices alleged in the Complaint. Any money not used for such equitable
9 relief is to be deposited to the U.S. Treasury as disgorgement. TracFone has no right to challenge
10 any actions the FTC or its representatives may take pursuant to this Subsection. No money paid to
11 the FTC pursuant to this Order may be deemed a payment of any fine, penalty, or punitive
12 assessment.

### III. REDRESS COORDINATION

14 IT IS FURTHER ORDERED that:

15 A. If, as determined by a representative of the FTC, all of the conditions of Sections III.A.1
16 and III.A.2 of this Order are met, the FTC will use the money paid to the FTC pursuant to this
17 Order to administer any consumer redress, including the reasonable expenses of the settlement
18 administrator, auditor, and any other third party approved by the FTC that is used to administer
19 consumer redress, that is ordered in the following actions: *Hansell v. TracFone Wireless, Inc.*, No.
20 3:13-cv-03440 (N.D. Cal.); *Browning v. TracFone Wireless, Inc.*, No. 3:14-cv-01347 (N.D. Cal.);
21 *Blaqmoor v. TracFone Wireless, Inc.*, No. 3:13-cv-05295 (N.D. Cal.); and *Gandhi v. TracFone*
22 *Wireless, Inc.*, No. 3:13-cv-05296 (N.D. Cal.) (collectively, the "Private Class Actions").
23 Provided, however, that no money paid to the FTC pursuant to this Order may be used to pay any
24 other fees, costs, or expenses associated with resolution of the Private Class Actions (other than to
25 administer consumer redress), including attorney fees, litigation expenses, court costs, or incentive
26 payments to class representatives. The conditions to be met are:

27 1. A representative of the FTC, in writing, approves of all terms of any proposed
28 settlement agreement, and all terms of any final settlement agreement approved by the court, in the

Private Class Actions, including:

    i. The notice and claims procedures;

    ii. The settlement administrator; and

    iii. The allocation of settlement funds among class members.

The FTC may not withhold approval unreasonably.

    2. In the Private Class Actions,

        i. The proposed order for preliminary approval of class action settlement is filed within 30 days of entry of this Order; and

        ii. A final settlement agreement is approved by the court within 9 months of entry of this Order.

The FTC and TracFone agree to work together in good faith to extend this schedule if the court requires additional time to approve a final settlement agreement.

B. If, as determined by a representative of the FTC, any of the conditions of Sections III.A.1 and III.A.2 of this Order are not met, or, if money remains after administering redress under Section III.A of this Order, the FTC will have sole discretion, as provided under Section II.G of this Order, as to the use of any remaining money paid to the FTC pursuant to this Order.

### IV. COOPERATION

IT IS FURTHER ORDERED that TracFone must fully cooperate with representatives of the FTC to provide consumer redress.

A. TracFone represents that it has provided, to the extent the information is available, sufficient customer information to a settlement administrator approved by a representative of the FTC to enable the settlement administrator to efficiently administer consumer redress. TracFone agrees to provide within 14 days, upon written request of the settlement administrator, any additional information related to redress to the extent the information is available, in the form prescribed by the settlement administrator. The settlement administrator may not at any time be an agent of the FTC, or any other governmental entity, for purposes of possession, custody, or control of the customer information.

B. If, as determined by a representative of the FTC, any of the conditions of Sections III.A.1

1 and III.A.2 of this Order are not met, TracFone must, within 14 days of written request by a representative of the FTC, send notifications, as specified by the FTC in its request, via text messaging to existing customers whose Mobile Data has been throttled or suspended by TracFone. Provided, however, that such text messages may only be sent as permitted by applicable law, and only to customers who have not opted out from receiving such text messages.

## V. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that TracFone obtain acknowledgments of receipt of this Order:

A. TracFone, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 3 years after entry of this Order, TracFone must deliver a copy of this Order to: (1) all principals, officers, and directors; (2) all upper-level management, including vice-presidents and division heads, who participate in the advertising or sale of any Mobile Data Plan; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which TracFone is required to deliver a copy of this Order, TracFone must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VI. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that TracFone make timely submissions to the FTC:

A. One year after entry of this Order, TracFone must submit a compliance report, sworn under penalty of perjury. TracFone must: (1) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with TracFone; (2) identify all of TracFone's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (3) describe the activities of each business, including the goods and services offered; (4) describe in detail whether and how TracFone is in compliance with each Section of this Order; and (5) provide a copy of each Order

1 Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

2 B. For 10 years after entry of this Order, TracFone must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: (1) any designated point of contact; or (2) the structure of TracFone or any entity that TracFone has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. TracFone must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against TracFone within 14 days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. TracFone Wireless, Inc.

## VII. RECORDKEEPING

IT IS FURTHER ORDERED that TracFone must create certain records for 10 years after entry of the Order, except as specified in Subsection D below, and retain each such record for 5 years. Specifically, TracFone must create and retain the following records in connection with the advertising or sale of any Mobile Data Plan:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each individual providing services, whether as an employee or otherwise, that individual's: name, addresses, and telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.   All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

D.   A copy of each unique advertisement or other marketing material subject to this Order, which TracFone must create for 6 years after entry of the Order.

## VIII.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring TracFone's compliance with this Order, including any failure to transfer any assets as required by this Order:

A.   Within 14 days of receipt of a written request from a representative of the FTC, TracFone must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.  Provided, however, that TracFone, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c).

B.   For matters concerning this Order, the FTC is authorized to communicate directly with TracFone.  TracFone must permit representatives of the FTC to interview any employee or other person affiliated with TracFone who has agreed to such an interview.  The person interviewed may have counsel present.

C.   The FTC may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to TracFone or any individual or entity affiliated with TracFone, without the necessity of identification or prior notice.  Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## IX.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

1  **SO ORDERED this _____ day of _____ 2015.**

_____
UNITED STATES DISTRICT JUDGE

SO STIPULATED AND AGREED:

FOR PLAINTIFF:

_____ Date: 1/21/2015
S. Spencer Elg
Timothy A. Butler
Federal Trade Commission
225 Peachtree Street NE, Ste. 1500
Atlanta, GA 30303
Tel: (404) 656-1390; Fax: (404) 656-1379
selg@ftc.gov; tbutler@ftc.gov

Attorneys for Plaintiff Federal Trade Commission

FOR DEFENDANT:

_____ Date: 12/30/14
Scott D. Delacourt
Mark B. Sweet
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000; Fax: (202) 719-7049
sdelacourt@wileyrein.com; msweet@wileyrein.com

Attorneys for Defendant TracFone Wireless, Inc.

_____ Date: 12/30/14
Steven J. Brodie
Carlton Fields Jorden Burt, P.A.
100 SE Second ST, Ste. 4200
Miami, FL 33131
Tel: (305) 539-7302; Fax: (305) 530-0055
sbrodie@cfjblaw.com

Attorneys for Defendant TracFone Wireless, Inc.

DEFENDANT:

_____ Date: 12/30/14
Robert Dandrea as Executive Vice President of
Sales and Marketing of TracFone Wireless, Inc.

-11-
STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT