S. SPENCER ELG (GA SBN 940592)
selg@ftc.gov
ANNA M. BURNS (GA SBN 558234)
aburns@ftc.gov
Federal Trade Commission
225 Peachtree Street, Suite 1500
Atlanta, Georgia 30303
Tel: (404) 656-1354; Fax: (404) 656-1379

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>TRACFONE WIRELESS, INC., also d/b/a STRAIGHT TALK WIRELESS, NET10 WIRELESS, SIMPLE MOBILE, and TELCEL AMERICA,<br><br>  Defendant. | **Case No. 3:15-cv-00392-EMC**<br><br>**NOTICE OF PENDING STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

Plaintiff, the Federal Trade Commission ("FTC"), provides notice of the pending *Stipulated Order for Permanent Injunction and Monetary Judgment* (the "FTC Order"), which resolves all matters in dispute in this action between the FTC and the defendant, TracFone Wireless, Inc. *See* FTC Order, doc. 1-1. The FTC specifically provides notice to the Court that the FTC Order is not dependent on any other action, as explained below:

1. On January 28, 2015, the FTC filed its *Complaint for Permanent Injunction and Other Equitable Relief* (the "Complaint") against TracFone. *See* doc. 1. The Complaint alleges that TracFone violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), by deceptively advertising "unlimited" mobile data plans. *Id.*

2. Attached to the Complaint was the FTC Order, which has been executed by TracFone, TracFone's attorneys, and the FTC. *See* doc. 1-1. The FTC Order was approved by a unanimous vote by the FTC Commissioners, and is now pending entry by this Court. *See* FTC Press Release, Jan. 28, 2015, available at http://www.ftc.gov/news-events/press-releases/2015/01/prepaid-mobile-provider-tracfone-pay-40-million-settle-ftc (publicly disclosing, "The Commission vote authorizing staff to file the complaint and approving the proposed stipulated order was 5-0.")

3. The FTC Order requires TracFone to pay $40 million to the FTC within 5 days of entry (FTC Order at § II.A-C), and enjoins TracFone from making future misrepresentations and from failing to clearly and conspicuously disclose material restrictions on its mobile data plans (*id.* at § I).

4. The FTC Order provides that, if certain conditions are met, the FTC will use the $40 million paid by TracFone to administer any consumer redress, including the reasonable expenses of the settlement administrator, that is ordered in the following actions: *Hansell v. TracFone*, No. 3:13-cv-03440 (N.D. Cal.); *Browning v. TracFone*, No. 3:14-cv-01347 (N.D. Cal.); *Blaqmoor v. TracFone*, No. 3:13-cv-05295 (N.D. Cal.); and *Gandhi v. TracFone*, No. 3:13-cv-05296 (N.D. Cal.) (collectively, the "Private Class Actions"). *See* FTC Order at § III.

5. Although the FTC Order provides for the possibility of redress administration through the Private Class Actions, the FTC Order does not depend on the Private Class Actions.

*See id.* In other words, TracFone's obligations under the FTC Order do not in any way hinge on what may occur in the Private Class Actions. Further, TracFone has expressly stipulated to entry of the FTC Order, without any conditions. *Id.* at 2:3-7 ("The FTC and Defendant TracFone . . . stipulate to the entry of this Stipulated Order . . . to resolve all matters in dispute in this action between them.").

6. On January 30, two days after the FTC filed its Complaint and the FTC Order, this Court entered an order relating this action to the Private Class Actions. *See* doc. 4. On February 4, the FTC received an invitation to attend the preliminary approval hearing for the Private Class Actions, which is currently set for February 12, 2015. *See* doc. 7.

7. Yesterday, February 5, the parties to the Private Class Actions filed a stipulated motion asking the Court to continue the preliminary approval hearing for at least a week. *See* doc. 65 filed in Case No. 3:13-cv-05295-EMC. Prior to the stipulated motion being filed, the FTC was asked if it opposed the motion to continue the hearing. The FTC stated that it did not oppose the motion to continue the hearing, <u>provided that it did not delay entry of the FTC Order</u>. This information was not included in the stipulated motion. *Id.* Today, February 6, the Court granted the motion rescheduling the hearing for February 19.

8. Although the FTC does not oppose the continuance of the preliminary approval hearing (and plans to attend the hearing on February 19), entry of the FTC Order need not be delayed by any activity (or inactivity) in the Private Class Actions. Not only is the FTC Order independent of the Private Class Actions, it specifically contemplates entry of the FTC Order prior to the filing of a proposed order for preliminary approval in the Private Class Actions. *See* FTC Order at § III.A.2.i. (allowing up to thirty days for filing of the proposed order for preliminary approval in the Private Class Actions from the date of entry of the FTC Order).

FOR THESE REASONS, the FTC submits this Notice to inform the Court of the pending *Stipulated Order for Permanent Injunction and Monetary Judgment*.

Respectfully submitted this sixth day of February, 2015,

s/ S. Spencer Elg
S. Spencer Elg
Federal Trade Commission
225 Peachtree Street, Suite 1500
Atlanta, Georgia 30303
Tel: (404) 656-1354; Fax: (404) 656-1379
selg@ftc.gov

Attorney for Plaintiff
FEDERAL TRADE COMMISSION

**Certificate of Service**

I certify that the document above was sent on February 6, 2015, via U.S. Mail and email to:

Steven J. Brodie
Carlton Fields Jorden Burt, P.A.
100 SE Second ST, Ste. 4200
Miami, FL 33131
Tel: (305) 539-7302; Fax: (305) 530-0055
sbrodie@cfjblaw.com

Aaron S. Weiss
Carlton Fields Jorden Burt, P.A.
100 SE Second ST, Ste. 4200
Miami, FL 33131
Tel: (305) 539-7382; Fax: (305) 530-0055
aweiss@cfjblaw.com

Attorneys for Defendant
TRACFONE WIRELESS INC.

s/ S. Spencer Elg
S. Spencer Elg

Attorney for Plaintiff
FEDERAL TRADE COMMISSION